EDWIN A. CLARK vs. LOWELL AND LAWRENCE RAILROAD COMPANY.

A common carrier who has received goods from a wharfinger, with whom they have been deposited by their owner without authority to forward them, has no lien on them for freight against the owner.

REPLEVIN of lumber, upon which the defendants claimed a lien for freight over their railroad, and for money paid by them for freight on other lines of transportation connecting their road with Lake Winnipiseogee in New Hampshire.

At the trial in the court of common pleas, before *Morris*, J., the plaintiff introduced evidence tending to show that he procured the lumber in New Hampshire to build houses with in Lowell; and deposited it upon a wharf at the head of Lake Winnipiseogee, intending to have it transported over the Concord and Montreal Railway to Lowell; and had a conversation with Walker, the owner of the wharf, on the subject. There was conflicting evidence whether he gave Adams, the wharfinger, any authority to ship the lumber; but it appeared that Adams's duty was to take care of all the freight deposited upon the wharf, and to collect the charges thereon ; and that he did send this lumber by way of the defendants' railroad to Lowell.

The defendants requested the judge to instruct the jury " that if Adams had charge of Walker's wharf, whereon the lumber was placed, and was authorized to receive all freight that was sent to it, and if the plaintiff put his lumber on the wharf for shipment, and if Adams, in the belief that he was acting for the plaintiff's interest, shipped it by the defendants' line of transportation, and if the defendants' line received it honestly and without any knowledge that the plaintiff designed to send it by another route, then the plaintiff was liable for the freight, and could not maintain this action ; that Adams, as the keeper of the wharf, with authority to receive freight for shipment, was in possession of the lumber, as agent or servant of the plaintiff, and had authority to ship it, as such agent or servant; and if

he did so ship it, and the defendants' line of transportation received it, and transported it in good faith, then the plaintiff was liable for the freight; and if Adams had exceeded his authority, he was liable to the plaintiff.

The judge declined thus to instruct the jury; but did instruct them "that the decision of the case turned upon the question of authority in Adams to make the shipment of the lumber; that Adams had no authority, merely by virtue of his situation and employment, to send the lumber as he did; but that if he had authority from the plaintiff, either expressed or implied, to make the shipment by the defendants' line, then the action could not be maintained; but if he had no such authority from the plaintiff, the verdict should be for the plaintiff." The jury found a verdict for the plaintiff and the defendants alleged exceptions.

*T. Wentworth*, for the defendants.

*A. R. Brown*, for the plaintiff.

BIGELOW, J. This case must be governed by the decision in *Robinson* v. *Baker*, 5 Cush. 137. The jury have found that Adams had no authority, either express or implied, to forward the lumber by the defendants' line of transportation. In placing the property on board the boat by which it was carried and delivered to the defendants, he acted without authority and was a tortfeasor. He could therefore confer no right on the defendants to hold the lumber by virtue of any lien for its carriage. The right of property and possession was in the plaintiff, and he can well maintain replevin to recover the property.

*Exceptions overruled.*